UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE E. VANVOLKINBURG,

       Plaintiff,

                                    CASE NO. 1:06-CV-606

v.

                                    HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bruce VanVolkinburg's objections to the Magistrate Judge's Report and Recommendation upholding the Commissioner of the Social Security Administration's (Commissioner) determination that Mr. VanVolkinburg is not entitled to Social Security disability benefits (docket ## 9 and 10).

**ALJ Determination**

After administrative denial of Mr. VanVolkinburg's request for disability benefits, an ALJ reviewed his claim. (*See* Admin. Record at 13.) The ALJ concluded that Mr. VanVolkinburg was not entitled to disability benefits because he did not satisfy the definition of "disabled" under applicable law. (*Id*. at 20.) "The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505 (2007).

To determine whether a claimant has such a disability, an ALJ is to employ the five-step inquiry set forth in 20 C.F.R. § 1520. *Jones v. Comm'r. of Social Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The issue in this case comes down to the fifth step: whether, considering the claimant's residual functional capacity, age, education and work experience, the claimant can perform other work that exists in the national economy. The Commissioner bears the burden of identifying a significant number of jobs in the national economy that would accommodate the claimant's residual functional capacity. *Id*. (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)). The Commissioner may use the testimony of a Vocational Expert (VE) to satisfy this burden. *See* 20 C.F.R. § 404.1567 (2007).

The ALJ in this case found jobs in significant numbers in the national economy that Mr. VanVolkinburg could perform. (AR at 20.) In making her findings, the ALJ noted that "the claimant was not credible." (AR at 17.) The ALJ commented that while Mr. VanVolkinburg "described having seizures every month to one and one-half months resulting in him going to the hospital for 3 - 4 days (until medications reach therapeutic level) and afterward taking a few days to recover at home...the medical record does not support the frequency of seizures alleged by the claimant." (*Id*.) The ALJ also stated that although Mr. VanVolkinburg claimed to take his anti-seizure medication as prescribed, a physician noted that some of his seizures have been due to noncompliance. (*Id*.) The ALJ

also relied on the testimony of a VE in response to hypothetical questions describing a person with work restrictions similar to or greater than those the ALJ found Mr. VanVolkinburg to have. (AR at 363-65.) Neither hypothetical, however, mentioned potential absences due to the seizure disorder reported by plaintiff. When this was added to the mix, the VE testified that there exist no jobs in the national economy such an individual could perform. (*Id*. at 365.)

After carefully reviewing the Commissioner's decision, the Magistrate Judge recommended that the decision be affirmed. (Report and Recommendation, docket # 9.) Mr. VanVolkinburg filed objections to the Report and Recommendation, seeking this Court's review under 42 U.S.C. § 405(g).

**Standard of Review**

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner employed the proper legal standards. *Cutlip v. Sec'y of Health & Human Serv.*, 25 F. 3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1989)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Kirk v. Sec'y of Health & Human Serv.*, 667 F.2d 524, 535 (6th Cir. 1981). A reviewing court "does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id*. (citing *Brainard v. Sec'y of Health &*


*Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989) and *Garner v. Heckler*, 745 F.2d 383. 387 (6th Cir. 1984).

To determine the existence of substantial evidence, a reviewing court must examine the administrative record as a whole. *Id*. (citing Kirk, 667 F.2d at 536). If substantial evidence supports the ALJ's decision, the reviewing court must affirm the decision, even if the reviewing court would have reached a different decision, and even if substantial evidence supports a different conclusion. *Id*. (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) and *Muller v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)).

The Court's review of objections to the Magistrate's Report and Recommendation must be de novo. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

4

**Plaintiff's Objections**

Mr. VanVolkinburg raises three principal objections to the Magistrate Judge's Report and Recommendation, essentially reiterating the issues and arguments he raised in his Brief on Appeal before the Magistrate Judge. (*See* docket ## 6 and 10.) First, Mr. VanVolkinburg argues that the ALJ erred in her credibility determination and therefore, he suggests, in any other determination that flowed from it. (*See* Pl's. Objections to Magistrate's Report & Recommendation, docket # 10, at 11-14.) Next, Mr. VanVolkinburg argues that the ALJ presented inaccurate hypothetical scenarios to the VE, and that therefore the VE's testimony did not support the conclusion that there exist jobs in significant numbers in the national economy Mr. VanVolkinburg can perform. (*See id*. at 15-16.) Finally, Mr. VanVolkinburg argues that improper considerations influenced the ALJ's decision. (Id. at 16-17.) Mr. VanVolkinburg does not develop this argument, but simply reiterates aspects of his arguments concerning the credibility determination, and the Court will not address this argument other than through its analysis of the credibility determination.

*Credibility Determination*

A reviewing court is to accord great weight and deference to an ALJ's credibility determination, "since the ALJ has the opportunity, which [the court] does not, of observing a witness's demeanor while testifying." *Jones v. Comm'r. of Social Sec.*, 336 F.3d 469,

476 (6th Cir. 2003) (citing *Walters v. Comm'r. of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). In reviewing an ALJ's credibility determination, a court "is limited to evaluating whether or not the ALJ's explanations for [the credibility determinations] are reasonable and supported by substantial evidence in the record." *Id*. Courts recognize that making a credibility determination can be difficult, yet "it is the ALJ's job to make precisely that kind of judgment," and a reviewing court "will not normally substitute [its] impressions on the veracity of a witness for those of a trier of fact." *Gooch v. Sec'y Health & Human Serv.*, 833 F.2d 589, 592 (6th Cir. 1987).

The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's credibility determination. The ALJ plainly considered Mr. VanVolkinburg's testimony; his attorney's arguments; the objective medical evidence; Mr. VanVolkinburg's regular activities as he described them, such as shopping with his mother, riding a tractor mower, riding a bike for half an hour, and feeding ducks; and Mr. VanVolkinburg's hobbies, such as accompanying his son on hunting trips, pan fishing from a boat, and tending wounded ducks. (AR at 17-18.) The ALJ thoroughly supported her observations with citations to the underlying record. It does appear that the ALJ misunderstood one physician's mention of Mr. VanVolkinburg's "noncompliance" with his Dilantin prescription. The ALJ implies that Mr. VanVolkinburg intentionally failed to comply, but the underlying medical record makes clear that his noncompliance was involuntary: "[Mr. VanVolkinburg's] several last admissions [to the hospital] have come because of seizures.

His seizures have been due to noncompliance. He has developed nausea and vomiting, and has been unable to keep his medications down." (AR at 314.) Even setting aside the ALJ's apparent misunderstanding concerning noncompliance, substantial evidence supports her credibility finding, and the Court will not disturb it.

*Testimony of Vocational Expert*

Mr. VanVolkinburg argues that the VE's testimony was inadequate to support the ALJ's determination that there exist a significant number of jobs in the national economy someone with Mr. VanVolkinburg's restrictions could perform. (Pl's. Objections to Magistrate's Report & Recommendation, docket # 10, at 16.) The Magistrate Judge found that Mr. VanVolkinburg had not adequately briefed this argument and deemed the argument waived. (Report & Recommendation, docket # 9, at 11 (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).) The Court disagrees. Mr. VanVolkinburg adequately briefed the argument, and the argument warrants consideration.

The ALJ determined that Mr. VanVolkinburg exaggerated the frequency and severity of his seizures. (*See* AR 17-18.) But the ALJ made no other finding regarding the actual frequency of Mr. VanVolkinburg's seizures. No party disputes that Mr. VanVolkinburg suffers from a seizure disorder. Yet the hypothetical scenarios the ALJ presented to the VE do not reflect the possibility that Mr. VanVolkinburg might have to miss work due to his seizure disorder at all. (*See* AR 363-364.) Instead, the ALJ simply asked the VE whether, if an individual with the other hypothetical restrictions mentioned

7

had to miss four days of work a month on average due to seizures, there would still be jobs in the national economy the individual could perform. (AR at 365.) The VE testified that there would be no jobs in the national economy available to such an individual. (*Id*.) Neither the ALJ nor Mr. VanVolkinburg's attorney followed up to ask about the impact regular absences due to less frequent but still occasional seizures. For example, the VE did not consider whether having to miss work three days or two days or one day a month on average due to seizures would be work-preclusive. In the absence of consideration of the impact of any absences the ALJ finds Mr. VanVolkinburg likely to have due to his seizure disorder, this Court cannot find that the Commissioner has met his burden under step five of the five part test. Further factual findings are necessary to make an accurate determination.

Accordingly, **IT IS ORDERED** that this matter is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for further factual findings on whether there exist significant numbers of jobs in the national economy plaintiff can perform when considering, among other things, the actual impact of plaintiff's seizure disorder on plaintiff's probable absences from work.

This matter is **CLOSED**.


Dated:   March 31, 2008             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE